# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES DALE CROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18 CV 67 DDN |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Nancy A. Berryhill to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. 15). Plaintiff Charles Dale Cross is proceeding pro se and in forma pauperis in this matter. (Doc. 4). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The Court held a hearing on this matter on December 3, 2018.

## I.   BACKGROUND

Plaintiff sought continuing Social Security Income ("SSI") benefits, but his application was denied on March 22, 2017. (Doc. 15, Ex. 1 at 3). On July 5, 2017, plaintiff filed an untimely written request for a hearing, as well as a statement of his reason for not filing on time. (*Id.*). On August 16, 2017, the ALJ dismissed plaintiff's request, finding that plaintiff failed to state good cause for missing the deadline to request a hearing. (*Id.*). Plaintiff then filed a request for review of the ALJ's dismissal, which the Appeals Council denied on July 9, 2018. (*Id.*). Plaintiff subsequently filed this action on July 27, 2018. (Doc. 1).

## II.   DISCUSSION

Defendant moves to dismiss plaintiff's complaint on the ground that this Court lacks subject matter jurisdiction. (Doc. 15). Federal courts have subject-matter jurisdiction when a plaintiff pleads a claim "arising under" federal law. *See* 28 U.S.C. § 1331; *Bell v. Hood,* 327

U.S. 678, 681–685 (1946). Subject-matter jurisdiction involves a court's power to hear a case, so it can never be either waived or forfeited. *United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). When a federal court concludes that it lacks subject-matter jurisdiction, it must dismiss the complaint in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513–14 (2006).

> Judicial review of final decisions on SSI claims is narrowly prescribed by federal law:
>
> Any individual, after any final decision of the Commissioner of Social Security *made after a hearing to which he was a party*, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added); *see also* 42 U.S.C. § 405(h); 42 U.S.C. § 1383(c)(3). In all other cases, judicial review is prohibited, and the Social Security Agency is shielded from suit by sovereign immunity. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994) ("the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.") (citations and internal quotations omitted).

When plaintiff failed to make a timely request for a hearing, and the Commissioner found plaintiff did not show good cause for that failure, there is no "final decision . . . made after a hearing" for this Court to review. The Supreme Court has recognized that Social Security regulations "specify that the finality required for judicial review is achieved only after the . . . steps of a hearing before an administrative law judge and, possibly, consideration by the Appeals Council." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). The Eighth Circuit has also held that the Commissioner's dismissal of a hearing request is not a final decision after a hearing, and thus is not subject to judicial review. *Haynes v. Apfel*, 205 F.3d 1346 (8th Cir. 2000). Finally, the Court notes that plaintiff may reapply for benefits with the Social Security Administration at any time.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff's complaint (Doc. 15) is **granted.**

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on December 3, 2018.